IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER, <br> ACTING SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> JACK FROST CONSTRUCTION, INC., and <br> BILLY J. SALLURDAY, individually and as <br> owner of JACK FROST CONSTRUCTION, INC. <br><br> Defendants. | Civil Action No. _____ |

## **COMPLAINT**

Plaintiff, EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants JACK FROST CONSTRUCTION, INC. ("Jack Frost") and BILLY J. SALLURDAY ("Sallurday"), individually, and as owner and president of Jack Frost (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Jack Frost is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered address of 300 Homan Avenue. State College, Pennsylvania, and an office and main place of business at 1307 Hale Street Philipsburg, Pennsylvania 16866, both within the jurisdiction of this Court. Jack Frost provides commercial and residential construction services.

3. Defendant Billy J. Sallurday is the president and sole shareholder of Jack Frost. Sallurday has actively controlled and managed Jack Frost, regulated the employment of persons employed at Jack Frost, acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, including hiring and firing employees, creating schedules, and setting employees' pay rates, and thus is an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

5. At all times hereinafter mentioned, Defendants have employed and are employing employees in and about their place of business in the activities of an

enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

6. Defendants have, since at least November 1, 2014, violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay employees working in foreman, carpenter, helper and laborer positions, in an enterprise engaged in commerce or in the production of goods for commerce, the statutory requirement of overtime compensation of time and one half the regular rate of pay for hours worked in excess of forty hours in a week. Therefore, Defendants are liable for the payment of unpaid overtime compensation and equal amount in liquidated damages under Section 16(c) of the Act. For example:

    a. Defendants failed to pay individuals for preliminary and/or postliminary work integral and indispensable to the principal activity that was performed over the forty hours worked in a workweek.

    b. Defendants failed to pay a rate not less than one and one-half times the regular rate for hours worked in excess of forty hours in a workweek to

individuals who per company policy chose to use compensatory time off in lieu of immediate payment.

c. Defendants failed to include supervisory bonus amounts when calculating the regular rate upon which to base any overtime premium due to bonus recipients working in excess of forty hours in a workweek.

d. Defendants failed to pay foremen one and one-half times the regular rate for all hours worked in excess in of forty hours in a workweek.

7. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records for their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Defendants failed to make, keep, and preserve records containing hours worked each workday, total hours work each workweek and total wages paid each pay period. 29 C.F.R. § 516.2(6)-(7), (11).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants

who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of November 1, 2014, through October 29, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after October 29, 2016, and may be owed to certain current and former employees presently unknown to the Secretary and for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        Nicholas C. Geale
        Acting Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

        */s/ Bertha M. Astorga*
        Bertha M. Astorga
        Attorney, PA ID# 320644
        Office of the Solicitor
        Suite 630E, The Curtis Center
        170 S. Independence Mall West
        Philadelphia, PA 19106-3306
        (215) 861-5126 (Phone)
        (215) 861-5162 (Fax)
        Astorga.Bertha.M@dol.gov

        U.S. DEPARTMENT OF LABOR

        Attorneys for Plaintiff